1
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK
2

3     ------------------------------X
                                    :
4     UNITED STATES OF AMERICA,     :
                                    :   18-CR-00419 (BMC-4)
5              v.                   :
                                    :   September 3, 2019
6     FENG LIANG, *et al.*,         :   Brooklyn, New York
                                    :
7                   Defendants.     :
                                    :
8     ------------------------------X

9
              TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
10            BEFORE THE HONORABLE CHERYL L. POLLAK
                    UNITED STATES MAGISTRATE JUDGE
11

12    APPEARANCES:

13

      For the Government:       UNITED STATES ATTORNEY
14                              BY:  WILLIAM P. CAMPOS, ESQ.
                                     ROBERT CAFTAL, ESQ.
15                                   JAMES S. YOON, ESQ.
                                ASSISTANT U.S. ATTORNEYS
16

      For the Defendant:        ERIC P. FRANZ, ESQ.
17                              CHRISTOPHER WRIGHT, ESQ.
                                Law Offices of Eric Franz PLLC
18                              747 Third Avenue, 20th Floor
                                New York, NY 10017
19

      Chinese Interpreter:      JOHN LAO
20

21

      Court Transcriber:        MARY GRECO
22                              TypeWrite Word Processing Service
                                211 N. Milton Road
23                              Saratoga Springs, New York 12866

24

25

      Proceedings recorded by electronic sound recording,
      transcript produced by transcription service

2

I N D E X

Defendant Sworn at Page 5

| EXHIBITS | Marked | Received |
|---|---|---|
| 1    Plea Agreement | -- | 14 |

3

1  (Proceedings began at 3:40 p.m.)

2        THE CLERK:  All rise.  This is the matter of <u>US v.</u>

3  <u>Liang</u>, 18-CR-419, Criminal Cause for Pleading.  Parties, please

4  state your appearances for the record.

5        MR. CAMPOS:  Good afternoon, Your Honor.  For the

6  United States William Campos, Robert Caftal who's a Special

7  Assistant United States Attorney, and James Yoon who is a trial

8  attorney with the Department of Justice's computer crime and

9  intellectual property section.

10        THE COURT:  All right.  Good afternoon.

11        MR. FRANZ:  Good afternoon, Your Honor.  Eric Franz

12  for Ms. Lin, and Mr. Christopher Wright who's been assisting me

13  on the matter, along with the Chinese interpreter.

14        THE COURT:  Good afternoon.  You may be seated.

15  Would the Chinese interpreter please raise your right hand,

16  please?

17  (AT THIS TIME THE INTERPRETER, JOHN LAO, WAS SWORN.)

18        THE COURT:  Just state your name, sir, for the

19  record.

20        THE INTERPRETER:  John Lao.

21        THE COURT:  All right.  Thank you.

22        All right.  Ms. Lin, we are using the services of an

23  interpreter to assist you in understanding these proceedings.

24  If at any point something is said that you don't understand,

25  please let me know.  Okay?

4

1          THE DEFENDANT:  Okay.

2          THE COURT:  Okay.  The first issue I want to deal

3   with is your consent to have me hear your plea.  You understand

4   that this is Judge Cogan's case and he is the United States

5   District Judge who will sentence you and who will make the

6   ultimate decision as to whether or not to accept your plea of

7   guilty.  If you wish, you have the absolute right to have Judge

8   Cogan hear your plea.  If you choose to do that, there will be

9   no prejudice to you.

10          On the other hand, if you wish, I will hear your plea

11  this afternoon and a transcript of these proceedings will be

12  made from the tape recording devices here in the courtroom, and

13  that transcript will be given to Judge Cogan to review at the

14  time of your sentence and when he makes his decision as to

15  whether or not to accept your plea of guilty.  Do you wish to

16  give up your right to have Judge Cogan hear your plea and

17  proceed instead before me this afternoon?

18          THE DEFENDANT:  Yes, I will give up.

19          THE COURT:  Okay.  Do you make this decision

20  voluntarily and of your own free will?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Okay.  Has anyone made any threats or

23  promises to get you to agree to have me hear your plea?

24          THE DEFENDANT:  No.

25          THE COURT:  Okay.  My law clerk is going to show you

5

1   this consent form that I believe you may have signed earlier.

2   Have you seen this form before, Ms. Lin?

3           THE DEFENDANT:  Yes.

4           THE COURT:  You can give it to her.  Have you

5   discussed it with your attorney?

6           THE DEFENDANT:  Yes.

7           THE COURT:  Is that your signature there at the

8   bottom of the page?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Okay.  I'll note for the record that it's

11  been signed by counsel for the defendant, by the Assistant US

12  Attorney, and I'm endorsing it as well.

13          All right.  Now, Ms. Lin, before I can hear your

14  plea, there are a number of questions that I must ask you to

15  ensure that it is a valid plea.  Again, if you don't understand

16  any of my questions, just tell me and I will rephrase them.

17  Okay?

18          THE DEFENDANT:  Okay.

19          THE COURT:  Okay.  Would you raise your right hand,

20  please?

21  (AT THIS TIME THE DEFENDANT, JOSSTINA LIN, WAS SWORN.)

22          THE COURT:  Okay.  You can sit down.  You understand

23  that having been sworn, your answers to my questions will be

24  subject to the penalties of perjury or making a false statement

25  if you don't answer them truthfully.  Do you understand that?

6

1            THE DEFENDANT:  Yes.

2            THE COURT:  What is your full name?

3            THE DEFENDANT:  My name is Josstina Lin.

4            THE COURT:  How old are you?

5            THE DEFENDANT:  43.

6            THE COURT:  What education have you had?

7            THE DEFENDANT:  Junior high.

8            THE COURT:  Are you able to understand and speak any

9    English?

10           THE DEFENDANT:  Only a little bit.

11           THE COURT:  Okay.  Have you had any problems

12   communicating with Mr. Franz, your attorney?

13           THE DEFENDANT:  I communicated with him no problem.

14           THE COURT:  Counsel, have you had any problems

15   communicating with your client?

16           MR. FRANZ:  No, Your Honor, but we've used the

17   services of interpreters to do so.

18           THE COURT:  Okay.  Ms. Lin, are you presently or have

19   you recently been under the care of either a physician or a

20   psychiatrist?

21           THE DEFENDANT:  No.

22           THE COURT:  In the last 24 hours have you taken any

23   narcotic drugs?

24           THE DEFENDANT:  No.

25           THE COURT:  Any medicine or pills of any kind in the

7

1    last 24 hours?

2              THE DEFENDANT:  No.

3              THE COURT:  Have you had any alcohol to drink in the

4    last 24 hours?

5              THE DEFENDANT:  No.

6              THE COURT:  Have you ever been hospitalized or

7    treated for narcotics addiction?

8              THE DEFENDANT:  No.

9              THE COURT:  Have you ever been treated for any mental

10   or emotional problems?

11             THE DEFENDANT:  No.

12             THE COURT:  As you sit here before me today is your

13   mind clear?

14             THE DEFENDANT:  Yes.

15             THE COURT:  Do you understand what we're doing here

16   today?

17             THE DEFENDANT:  I understand.

18             THE COURT:  Counsel, have you discussed the matter of

19   pleading guilty with your client?

20             MR. FRANZ:  I have, Your Honor.

21             THE COURT:  And in your view, does she understand the

22   rights that she will be waiving by pleading guilty?

23             MR. FRANZ:  She does, Your Honor.

24             THE COURT:  In your opinion, is she capable of

25   understanding the nature of these proceedings?

8

1          MR. FRANZ:  Yes.

2          THE COURT:  Do you have any doubt as to her

3   competence to plead at this time?

4          MR. FRANZ:  None whatsoever.

5          THE COURT:  Have you advised her of the maximum

6   sentence and fine that can be imposed as a result of her plea

7   here?

8          MR. FRANZ:  I have.

9          THE COURT:  Have you discussed with her the operation

10   of the sentencing guidelines in this case?

11          MR. FRANZ:  Yes.

12          THE COURT:  Now, Ms. Lin, first of all, I want to

13   make sure that you understand that you have the right to be

14   represented in connection with these charges by an attorney.

15   Do you understand that?

16          THE DEFENDANT:  Yes.

17          THE COURT:  Mr. Franz, are you appointed in this

18   case?

19          MR. FRANZ:  No, Your Honor, I'm retained.

20          THE COURT:  Okay.  So Ms. Lin, if you could not

21   afford to pay for counsel, the Court would appoint an attorney

22   to represent you because you do have a right to be represented

23   by counsel from this point forward.  Do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Now, do you believe that you've had

9

1   enough time to discuss your case with your attorney?

2           THE DEFENDANT:  Yes.

3           THE COURT:  And are you satisfied to have him

4   represent you?

5           THE DEFENDANT:  Yes, I am satisfied.

6           THE COURT:  Have you received a copy of the

7   indictment, the charges in this case?

8           THE DEFENDANT:  Yes.

9           THE COURT:  Have you discussed the charges with your

10  attorney?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Now, as I understand it, you seek to

13  plead guilty today to Count 1, 3, and 4.  Is that correct,

14  counsel?

15          MR. FRANZ:  Yes.

16          THE COURT:   Count 1 charges you with in or about and

17  between April 2011 and December 2016, both dates being

18  approximate and inclusive within the Eastern District of New

19  York and elsewhere you, together with others, did knowingly and

20  intentionally conspire to traffic in goods, specifically

21  handbags, wallets, belts, scarves, and other merchandise and to

22  use one or more counterfeit marks on and in connection with

23  those goods in violation of United States law.

24          THE DEFENDANT:  I understand.

25          THE COURT:  Okay.  Count 3 charges that in or about

1  and between February 2012 and June 2015, both dates being

2  approximate and inclusive within the Eastern District of New

3  York and elsewhere you, together with others, did knowingly and

4  intentionally conspire to conduct one or more financial

5  transactions in and affecting interstate commerce, specifically

6  the interstate transfer of money by money order which

7  transactions in fact involved the proceeds of specified

8  unlawful activity, trafficking in counterfeit goods, in

9  violation of United States law and that you did this knowing

10 that the property involved in the financial transactions

11 represented the proceeds of some form of unlawful activity and

12 that the financial transactions were designed in whole or in

13 part to disguise the nature, location, source, ownership and

14 control of the proceeds of specified unlawful activity all in

15 violation of United States law.  Do you understand what you've

16 been charged in?

17         THE DEFENDANT:  I understand.

18         THE COURT:  And Count 4 charges you with on or about

19 August 31, 2013 within the Eastern District of New York and

20 elsewhere you, together with others, did knowingly and

21 willfully and with intent to defraud the United States smuggle

22 and clandestinely introduce and attempt to smuggle and

23 clandestinely introduce into the United States merchandise,

24 specifically counterfeit Louis Vuitton handbags contained in

25 shipping container number KKFU7628722 which should have been

1  invoiced and make out and pass, and attempt to pass through the

2  Customs [indiscernible] one or more false, forged, and

3  fraudulent invoices and one or more other documents and papers

4  in violation of United States law.  Do you understand what

5  you've been charged with in Count 4?

6            THE DEFENDANT:  Yes.

7            THE COURT:  And I just want to make sure in Counts 1

8  and 3 you're charged with conspiracy.  Count 1 charges you with

9  the conspiracy to traffic in counterfeit goods and the other

10  count, Count 3, charges you with a money laundering conspiracy.

11  Do you understand what a conspiracy is?

12            THE DEFENDANT:  I do.

13            THE COURT:  Okay.  Basically it is simply an

14  agreement between one or more people to do something unlawful.

15  So you're charged in the first count, as I said, with agreeing

16  with others to traffic in goods.  And in Count 3, you're

17  charged with agreeing with others to launder money.  Do you

18  understand the charges?

19            THE DEFENDANT:  Yes.

20            THE COURT:  Okay.  I want to make sure that you

21  understand the rights that you will be giving up if you decide

22  to plead not guilty to these charges.  Under the

23  constitution -- did I misstate that?  Let me state that again

24  because I think I got it backwards.  If you were to persist in

25  pleading not guilty, under the constitution and laws of the

1  United States, you would be entitled to a speedy and public

2  trial by jury with the assistance of counsel on the charges

3  contained in the indictment.  Do you understand that?

4           THE DEFENDANT:  I understand.

5           THE COURT:  At that trial, you would be presumed

6  innocent and the Government would have to overcome that

7  presumption and prove you guilty by competent evidence and

8  beyond a reasonable doubt.  You would not have to prove that

9  you were innocent.  If the Government were to fail, the jury

10 would have the duty to find you not guilty.  Do you understand

11 that?

12          THE DEFENDANT:  I understand.

13          THE COURT:  In the course of a trial, the witnesses

14 for the Government would have to come to court, they would have

15 to testify in your presence.  Your attorney would have the

16 right to cross examine those witnesses for the Government, to

17 object to any evidence offered by the Government, and to

18 subpoena witnesses and offer testimony and evidence on your

19 behalf.  Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  At the trial, while you would have the

22 right to testify if you chose to do so, you could not be forced

23 to testify.  Under the Constitution of the United States, a

24 defendant in a criminal case cannot be forced to take the

25 witness stand and say anything that could be used to show that

13

1    she is guilty of the crime with which she's been charged.  If

2    you were to decide not to testify, the Court would instruct the

3    jury that they could not hold that decision against you.  Do

4    you understand that?

5              THE DEFENDANT:  I understand.

6              THE COURT:  If you plead guilty, on the other hand,

7    I'm going to have to ask you certain questions about what it is

8    that you did in order to satisfy myself that you are in fact

9    guilty of the charge to which you seek to plead guilty.  You're

10   going to have to answer my questions and acknowledge your

11   guilt.  Thus, you will be giving up that right that I just

12   described, that is the right not to say anything that could be

13   used to show that you are guilty of the crime with which you

14   have been charged.  Do you understand that?

15             THE DEFENDANT:  I understand.

16             THE COURT:  If you plead guilty and I recommend to

17   Judge Cogan that he accept your plea, you will be giving up

18   your constitutional right to a trial and all of the other

19   rights that I have just described.  There will be no further

20   trial of any kind.  Judge Cogan will simply enter a judgment of

21   guilty based upon your guilty plea.  Do you understand that?

22             THE DEFENDANT:  I understand.

23             THE COURT:  Are you willing to give up your right to

24   a trial and the other rights that I have just described?

25             THE DEFENDANT:  Yes.

14

1          THE COURT:  Now, I understand there is a written Plea

2  Agreement in this case.  I'm marking it as Court Exhibit 1 for

3  purposes of these proceedings.  Lauren, would you give that to

4  her attorney, please?

5  (AT THIS TIME COURT EXHIBIT 1 MARKED)

6          THE COURT:  Ms. Lin, have you seen this before?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And was it translated and read to you?

9          THE DEFENDANT:  Yes.

10          THE COURT:  And have you discussed it with your

11  attorney?

12          THE DEFENDANT:  Yes.

13          THE COURT:  And is that your signature there on the

14  last page?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Does this agreement fully and accurately

17  reflect your understanding of the agreement that you have with

18  the Government?

19          THE DEFENDANT:  Yes.

20          THE COURT:  Other than the promises in the agreement,

21  has anyone made any other promise that has caused you to plead

22  guilty here?

23          MR. FRANZ:  Your Honor, I think she was distracted --

24          THE COURT:  Yes.

25          MR. FRANZ:  -- looking at a piece of paper.  Perhaps

15

1   you can repeat it.

2           THE COURT:  That's fine.  So my question was other

3   than the promises that are in the agreement, has anyone made

4   any other promise that has caused you to plead guilty here?

5           THE DEFENDANT:  No.

6           THE COURT:  Has anyone made any promise to you as to

7   what your sentence will be?

8           THE DEFENDANT:  No.

9           THE COURT:  Okay.  I'll take the agreement back.  Mr.

10  Franz, I noted that it wasn't signed by the translator.

11          MR. FRANZ:  Yes, Your Honor, because there were

12  different incarnations of the agreement.  I had a prior version

13  of the agreement translated into her native language for her

14  and reviewed it with the interpreters in my office.  The only

15  change to the agreement from the prior iteration was gone over

16  with her today with an interpreter in this courthouse but it

17  was not this interpreter.

18          THE COURT:  Okay.

19          MR. FRANZ:  But I can represent to the Court that not

20  only did I engage someone to transcribe an almost identical

21  agreement, but also had it read and translated by a court

22  authorized interpreter.

23          THE COURT:  Okay.  All right.  Is that satisfactory

24  to the Government?

25          MR. CAMPOS:  Yes, Your Honor.

16

1        THE COURT:  Okay.  All right.  So Ms. Lin, I want to

2  discuss the sentencing scheme that applies here.  The statute

3  you are accused of violating in Count 1 carries a minimum term

4  of imprisonment of zero years and a maximum of up to ten years

5  in prison.

6        Count 3 carries a maximum term of imprisonment of 20

7  years and a minimum term of zero years.

8        And finally, Count 4 also carries a minimum term of

9  zero years but a maximum of up to 20 years in prison.  Do you

10 understand that?

11       THE DEFENDANT:  Yes.

12       THE COURT:  Okay.  And there are in effect what are

13 called sentencing guidelines and those guidelines are merely

14 that, a guide to help the Court determine where within the zero

15 to ten and zero to 20 year ranges your sentence should fall.

16 The guidelines are not mandatory but the Court is required to

17 consider the guidelines along with all other relevant factors

18 in determining what an appropriate sentence for you should be.

19 Do you understand that?

20       THE DEFENDANT:  I understand.

21       THE COURT:  Okay.  So does the Government have an

22 estimate of the guideline ranges for these various counts?

23       MR. CAMPOS:  Just a moment, Your Honor.

24            [Pause in proceedings.]

25       THE COURT:  While they're searching for that, I will

17

1   note that in the Plea Agreement it makes it clear that the

2   judge could sentence you consecutively on these three counts.

3   That means you could be required to serve a sentence under

4   Count 1 and then begin your sentence under Count 3, and then

5   finally begin your sentence under Count 4.  You understand

6   that's possible and will be up to the judge?  Do understand

7   that?

8              THE DEFENDANT:  Yes.

9              THE COURT:  Okay.

10             MR. CAMPOS:  Your Honor, the estimate, with grouping

11  and the estimate was that the guideline would be, the bottom of

12  the guideline, would be 327 months would be the bottom of the

13  guidelines.  And consequently that appears in Paragraph 2,

14  Paragraph 3 of the agreement on the waiver.  So that would be

15  the estimate which is based on, for the defendant, the worst

16  case scenario which is the manufacturer suggested retail price

17  of the infringing goods.  The bottom is 327 months.

18             THE COURT:  Okay.  At all note that you've given her

19  credit as long as she pleads guilty today for a one level

20  additional reduction for acceptance of responsibility in

21  addition to the standard reduction.  Is that correct?

22             MR. CAMPOS:  Correct, Your Honor.

23             THE COURT:  Mr. Franz, do you have any quarrel with

24  the Government's estimate of the outside range of the

25  guidelines?

18

1          MR. FRANZ:  I don't quarrel with the estimate as

2    being an outside range.  I don't know that we would come to an

3    agreement on those numbers.  But there's no quarrel that that's

4    the potential calculation that a Court could adopt.

5          THE COURT:  Okay.  So you understand, Ms. Lin, that

6    the Government has estimated that you might at the very least

7    have to serve 327 months.  Do you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  Okay.  But until the judge, Judge Cogan,

10   gets what is called a pre-sentence report which will be

11   prepared by the Probation Department following your plea here,

12   and the judge has an opportunity to hear from you and to hear

13   from Mr. Franz and to hear from the Government's attorney,

14   until that time no one can promise you exactly what your

15   sentence will be; not your attorney, not the Government's

16   attorney, not me, not even Judge Cogan until then.  Do you

17   understand that?

18          THE DEFENDANT:  I understand.

19          THE COURT:  Okay.  And the other thing you should be

20   aware is that between now and the time of sentencing things may

21   happen in your case that will either allow the judge to

22   increase or decrease the amount of the time listed in the

23   guideline range.  Do you understand that as well?

24          THE DEFENDANT:  I understand.

25          THE COURT:  Okay.  Now, you also understand that you

19

face the possibility of de-naturalization or deportation as set
forth in Paragraph 19 of the Plea Agreement.  You understand
that if you plead guilty this may have consequences on your
immigration status.  Right now that is being completely handled
by a separate proceeding so no one here can promise you what
will happen.  Not your attorney, not the Government's attorney,
not even this Court with respect to your immigration status.
You understand though that that is a potential consequence
here?

THE DEFENDANT:  Yes.

THE COURT:  You also understand that you face the
possibility of serving a term of supervised release.  Do you
know what supervised release is?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Basically, once you've completed
any sentence of imprisonment that you're directed to serve, you
will be released from jail and until the question of your
immigration status is resolved, as long as you remain here in
the country there may be restrictions placed your freedom.
Reporting to a probation officer on a periodic basis is one
such restriction.  Do you understand that?

THE DEFENDANT:  I understand.

THE COURT:  If you violate any of the conditions of
supervised release, you can be sentenced up to two years in
prison without getting any credit for the time that you

1  previously served on supervised release and without getting

2  credit for the time that you served in prison prior to that.

3  Do you understand that?

4          THE DEFENDANT:  I understand.

5          THE COURT:  The maximum term of supervised release

6  that you face under each of these three counts is three years.

7  Do you understand that?

8          THE DEFENDANT:  I understand.

9          THE COURT:  You also face potential finds.  The

10 maximum fine under Count 1 is $2 million.  The maximum fine

11 under Count 3 is $500,000 or twice the value of the property

12 involved in the transaction, whichever is greater.  Do we have

13 an estimate of what that might be from the Government?

14         MR. CAMPOS:  At this time, Your Honor, I don't think

15 we have an accurate estimate on that.  It may be significantly

16 higher than the $500,000.

17         THE COURT:  Okay.  Is it likely to be higher than the

18 2 million?

19         MR. CAMPOS:  It's unlikely to be higher than the 2

20 million but it is likely to be higher or it could be higher

21 than the 500,000.

22         THE COURT:  Okay.  And in Count 4, again, you face

23 the fine of the greater of $250,000 or twice the gross gain or

24 twice a gross loss which the Government has just indicated

25 might be higher than $500,000.  Do you understand that?

21

1          THE DEFENDANT:  Yes.

2          THE COURT:  Okay.  You also face restitution under

3    all three counts.  It's mandatory in the full amount of each

4    victim's losses which I take it the Government doesn't have

5    that number at this time.

6          MR. CAMPOS:  Not at this time, Your Honor.

7          THE COURT:  That will be determined by the Court.  Do

8    you understand that?

9          THE DEFENDANT:  Yes.

10          THE COURT:  Okay.  You also must pay a $100.00

11    special assessment under each of the three counts which is a

12    total of $300.  Do you understand that?

13          THE DEFENDANT:  I understand.

14          THE COURT:  And finally, you face criminal forfeiture

15    as set forth in the agreement.  I think it begins on Paragraph

16    6 where you acknowledge that you own certain property in

17    Brooklyn and I guess it's like two properties in Brooklyn which

18    you hold in your name or in the name of the entity and you have

19    consented to entry of a forfeiture money judgment in the amount

20    of $1,600,000.  Do you understand that you've agreed to that?

21          THE DEFENDANT:  I understand.

22          THE COURT:  The money judgment shall be paid in full

23    no later than seven days prior to the date of your sentencing.

24    Do you understand that?

25          THE DEFENDANT:  I understand.

1          THE COURT:  Okay.  And you have agreed in the Plea

2    Agreement that if you fail to forfeit the properties or fail to

3    pay any portion of the money judgment on or before the due date

4    you have consented to the forfeiture of any other properties

5    that you might have up until the amount that has been unpaid.

6    Do you understand that?

7          THE DEFENDANT:  I understand.

8          THE COURT:  You've agreed that you will not either

9    individually or permit anyone else to waste the property or

10   permit any encumbrances on the forfeited real properties.  Do

11   you understand that?

12         THE DEFENDANT:  I understand.

13         THE COURT:  And you've agreed to assist the

14   Government in effectuating the payment of the forfeiture money

15   judgment by executing any documents they request.  Do you

16   understand that?

17         THE DEFENDANT:  I understand.

18         THE COURT:  Okay.  And you've agreed not to file any

19   claims seeking or contesting the return of this property,

20   right?

21         THE DEFENDANT:  Yes.

22         MR. FRANZ:  Your Honor, if I can just make one point

23   clear on the forfeiture aspect?  There's two properties that

24   are listed that will be attributed towards the forfeiture.

25   There is a provision that says in lieu of.  There's one

23

1  property that's her primary residence that a money judgment

2  will be entered in the balance.  I think it's $631,000 would be

3  credited towards that property.  Just so there's no confusion

4  about her understanding of the terms of the agreement.

5          THE COURT:  Okay.  Is that the Government's

6  understanding as well?

7          MR. CAMPOS:  That's correct, Your Honor.

8          THE COURT:  All right.  Do you understand that, Ms.

9  Lin?

10          THE DEFENDANT:  Yes.

11          THE COURT:  Okay.  And finally, you've given up any

12  right that you might have to notice concerning the forfeiture

13  of these monies or properties, and I guess that's about it.  Is

14  there anything else I should inquire of her?

15          MR. CAMPOS:  That's about it, Your Honor.

16          THE COURT:  Mr. Franz, is there anything else I

17  should ask her?

18          MR. FRANZ:  No, Your Honor, I don't believe so.  Can

19  I have just one moment?

20          THE COURT:  Of course.

21                    [Pause in proceedings.]

22          MR. CAMPOS:  And Your Honor, just one thing.  I think

23  we brought this up but the 327 months that I referenced

24  earlier, that's identified in Paragraph 3 of the agreement and

25  that is the appellate waiver essentially.

24

1          THE COURT:  Right.  I was just going to get to that.

2          MR. CAMPOS:  Okay.

3          THE COURT:  All right.  That's fine.  Thank you.  So

4    the final thing I want to advise you of is that you can appeal

5    your conviction if you believe that your guilty plea is somehow

6    unlawful or involuntary, or there was some other fundamental

7    defect in these proceedings that were not waived by your plea.

8    You also have --

9          THE INTERPRETER:  Say again, Judge?  I didn't hear.

10          THE COURT:  Okay.  Where should I start?  I'll start

11    again.

12          THE INTERPRETER:  Yes.

13          THE COURT:  So you can appeal your conviction if you

14    believe that your guilty plea here was somehow unlawful or

15    involuntary, or if there was some other fundamental defect in

16    this proceeding that was not waived by your plea.  You also

17    have a statutory right to appeal your sentence under certain

18    circumstances if you believe that your sentence was contrary to

19    law.  What the Government's attorney was just referring to is

20    in Paragraph 3 of the agreement.  You've agreed that you will

21    not file an appeal or otherwise challenge your conviction or

22    your sentence so long as the Court imposes a term of

23    imprisonment at or below 327 months.  Do you understand that?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Anything else?

1          MR. CAMPOS:  And finally, Your Honor, the agreement

2     is the only agreement that the Government has with the

3     defendant.

4          THE COURT:  Is that a fair statement, Mr. Franz?

5          MR. FRANZ:  Yes, it is.

6          THE COURT:  Do you understand that this is the

7     governing agreement?  There are no other agreements?

8          THE DEFENDANT:  Yes.

9          THE COURT:  All right.  Do you have any questions

10    that you would like to ask me about the charge, or your rights,

11    or the Plea Agreement, or anything else before we proceed?

12         THE DEFENDANT:  No.

13         THE COURT:  Are you ready to plead at this time?

14         THE DEFENDANT:  Yes.

15         THE COURT:  Counsel, do you know of any reason why

16    the defendant should not plead guilty?

17         MR. FRANZ:  No, Your Honor.

18         THE COURT:  Are you aware of any viable legal defense

19    to the charges?

20         MR. FRANZ:  No.

21         THE COURT:  Josstina Lin, what is your plea to Count

22    1 of indictment 18-CR-419; guilty or not guilty?

23         THE DEFENDANT:  Guilty.

24         THE COURT:  Okay.  What is your plea to Count 3;

25    guilty or not guilty?

26

1          THE DEFENDANT:  Guilty.

2          THE COURT:  What is your plea to Count 4; guilty or

3    not guilty?

4          THE DEFENDANT:  Guilty.

5          THE COURT:  Are you making these pleas of guilty

6    voluntarily and of your own free will?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Has anyone threatened or forced you to

9    plead guilty?

10          THE DEFENDANT:  No.

11          THE COURT:  Has anyone made any promise to you as to

12    what your sentence will be?

13          THE DEFENDANT:  No.

14          THE COURT:  I read the charges to you a few minutes

15    ago.  I want you to tell me in your own words starting with

16    Count 1 exactly what it is that you did between April 2011 and

17    December 2016 in connection with this agreement to traffic in

18    counterfeit goods.

19          THE DEFENDANT:  Yes.  The first count for the

20    conspiracy to traffic in counterfeit goods between April 2011

21    and December 2016 I worked with other people to distribute and

22    sell fake luxury handbags, wallets, and other merchandise that

23    were imported from China.  These fake goods had counterfeit

24    trademarks and I knew that the fake goods that I was importing

25    and selling had counterfeit trademarks.  The counterfeit

27

1  trademarks were copies of trademarks or brands like Louis

2  Vuitton.   In this regard, you know, about June 2012, in the

3  Eastern District of New York I directed the unloading of fake

4  luxury goods from a shipping container.   I worked with my

5  associates to sell these fake goods to customers in the New

6  York area and elsewhere.

7         Count 3, money laundering conspiracy --

8         THE COURT:   Okay.   So let me stop you here for a

9  minute.   Let me ask if the Government has anything else that I

10 should inquire of with respect to Count 1.

11        MR. CAMPOS:   With respect to Count 1, Your Honor the

12 Government has no further questions of the defendant.

13        THE COURT:   All right.   So tell me about the money

14 laundering conspiracy which is Count 3.

15        THE DEFENDANT:   I made money from selling and

16 importing fake luxury goods from about February 2012 to June

17 2015 in the Eastern District of New York and elsewhere.   I

18 agreed with others to engage in financial transactions by

19 interstate transfers of money using money orders.   And the

20 money from these transactions was the proceeds of trafficking

21 in counterfeit goods.   The transactions were designed to in

22 part to conceal the true origin of the proceeds and I knew that

23 was the case.   Customers basically paid for the fake goods with

24 money orders.   Sometimes the money orders were sent from out

25 of\ state to New York State via the mail and often the true

28

1   names of the payee and the payor were not put on these money

2   orders.  This was done in order to hide the origin of the money

3   and it was done also to hide the true identities of the people

4   who were involved in the distribution and sale of the fake

5   luxury goods.  And I would sometimes deposit these money orders

6   into my bank accounts in Brooklyn and Queens or New York.

7         THE COURT:  Okay.  Does the Government have anything

8   else with respect to that count?

9         MR. CAMPOS:  No, Your Honor.

10        THE COURT:  All right.  So finally Count 4 involves a

11  specific act on August 31, 2013.  Can you tell me what you did

12  in connection with that charge?

13        THE DEFENDANT:  On or about August 31, 2013 I, along

14  with others, smuggled and introduced into the United States

15  fake Louis Vuitton handbags.  I was aware that the false and

16  fraudulent documents including the invoices were used to have

17  the goods pass through Customs and I knew that the fake Louis

18  Vuitton bags had counterfeit trademarks on them.  And all of

19  this conduct happened in the Eastern District of New York.  And

20  at the time I knew what I was doing was wrong.

21        THE COURT:  Counsel, anything else on that charge?

22        MR. CAMPOS:  No, Your Honor.

23        THE COURT:  All right.  Mr. Franz, anything you want

24  to ask?

25        MR. FRANZ:  I have nothing, Your Honor.

29

1          THE COURT:  Based on the information given to me, I

2    find that the defendant is acting voluntarily, fully

3    understands her rights and the consequences of her plea, and

4    that there is a factual basis for the plea.  I will therefore

5    recommend to Judge Cogan that he accept your plea of guilty to

6    Counts 1, 3, and 4 of the indictment.

7          The sentencing date has been tentatively set for

8    December 12th at 10 a.m.  What that means, Ms. Lin, is that

9    someone from the Probation Department is going to meet with you

10   to prepare the pre-sentence report.  I urge you to cooperate

11   with them obviously with your attorney's advice.  If that

12   December 12th date becomes impractical or impossible for

13   someone, I would just urge you to get in touch with Judge

14   Cogan's case manager.  Okay?

15          MR. FRANZ:  Yes, Your Honor.

16          THE COURT:  Anything else?

17          MR. FRANZ:  No.  Thank you, Your Honor.

18          MR. CAMPOS:  Not from the Government.

19          THE COURT:  All right.  Thank you very much.

20   (Proceedings concluded at 4:22 p.m.)

21                    *  *  *  *  *  *

22

23

24

25

30

1      I certify that the foregoing is a court transcript from an

2 electronic sound recording of the proceedings in the above-

3 entitled matter.

4

5                                    *Mary Greco*
                          _____

6                                    Mary Greco

7 Dated:  October 1, 2019

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25